USAO#2009R00915/MJM

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 11- 741 (AET) |
| | : | |
| | : | |
| v. | : | 18 U.S.C. §§ 371; |
| | : | 18 U.S.C. § 982(a)(7); and |
| | : | 42 U.S.C. § 274e |
| | : | |
| LEVY IZHAK ROSENBAUM, | : | **I N F O R M A T I O N** |
| a/k/a "Isaac Rosenbaum" | | |

The defendant having waived in open court prosecution
by Indictment, the United States Attorney for the District of New
Jersey charges:

## COUNT ONE

### (Conspiracy to Acquire, Receive and Otherwise Transferring Human Organs for Valuable Consideration)

1.   At all times relevant to Count One of this Information,
defendant LEVY IZHAK ROSENBAUM, a/k/a "Isaac Rosenbaum,"
(hereinafter, "defendant ROSENBAUM") resided in Brooklyn, New
York.  Defendant ROSENBAUM held no medical license and was not
otherwise authorized to participate in the transplantation of
human organs.

2.   At all times relevant to Count One of this Information:

a.   Recipient 1, Recipient 2, and Recipient 3 were
residents of New Jersey.

b.   Donor 1, Donor 2 and Donor 3 were residents of Israel.

c.   There was a cooperating witness (hereinafter, the "CW") who had been charged in a federal criminal complaint with bank fraud in or about May 2006.

d.   A Special Agent of the Federal Bureau of Investigation acting in undercover capacity ("UC-1") held herself out as an employee of the CW.  UC-1 further represented that her uncle was in need of a kidney transplant.

3.   From at least as early as December 2006 to in or about July 2009, in Monmouth County, in the District of New Jersey and elsewhere, defendant

LEVY IZHAK ROSENBAUM,
a/k/a "Isaac Rosenbaum,"

knowingly and intentionally conspired and agreed with others to commit offenses against the United States, that is, to acquire, receive, and otherwise transfer human organs for valuable consideration for use in human transplantation, with such transfers affecting interstate commerce, contrary to Title 42, United States Code, Section 274e.

**Object of the Conspiracy**

4.   It was the object of this conspiracy that defendant ROSENBAUM, assisted by others, would agree to recruit individuals, typically overseas, willing to sell a kidney to a recipient in the United States, in exchange for which the recipient would pay Rosenbaum between approximately $120,000 and $160,000.

2

**Manner and Means**

5.   It was a part of this conspiracy that defendant ROSENBAUM would arrange for the recipient to provide him with a blood sample to enable defendant ROSENBAUM and his coconspirators to locate a suitable donor who was willing to sell his or her kidney.

6.   It was further a part of this conspiracy that a coconspirator would locate and identify a suitable donor, typically in Israel, willing to sell his or her kidney, based on the blood sample provided to defendant ROSENBAUM by the recipient.

7.   It was further a part of this conspiracy that defendant LEVY IZHAK ROSENBAUM would arrange for donors of the kidney (including Donors 1 to 3) to travel to the United States for the transplantation operation, and, upon the donor's arrival in the United States, arrange for the donor to be housed while in the United States.

8.   It was further a part of the conspiracy that defendant LEVY IZHAK ROSENBAUM would assist the donor and the recipient to coordinate a cover story to mislead hospital personnel into believing that the donation of the kidney was a purely voluntary act and not a commercial transaction whereby the donor was being paid for his or her kidney and defendant ROSENBAUM was being paid for his unlawful service.

3

9.    It was further a part of the conspiracy that defendant LEVY IZHAK ROSENBAUM demanded and received full payment for brokering the kidney transplantation by the date of the transplantation (including payments from Recipients 1 to 3, in the amounts of approximately $120,000, $150,000 and $140,000 respectively).

**Overt Acts**

10. In furtherance of the conspiracy and to effect its objects, the following overt acts were committed in the District of New Jersey, and elsewhere:

| ACT NO. | APPROXIMATE DATE | OVERT ACT |
|---------|------------------|-----------|
| 1 | Fall 2006 | Defendant ROSENBAUM brokered introduction of Recipient 1 and Donor 1 upon latter's arrival in United States for purposes of coordinating fictitious story regarding Donor 1's decision to donate kidney to Recipient 1 prior to transplant surgery in December 2006. |
| 2 | January/ February 2008 | Defendant ROSENBAUM directed Recipient 3 to send multiple checks totaling approximately $50,000 made payable to a third-party entity as partial payment for kidney transplant that occurred in or about February 2009. |
| 3 | On or about February 15, 2008 | Defendant ROSENBAUM agreed to meet with CW and UC-1 during interstate telephone conversation. |

4

| 4 | On or about February 18, 2008 | During a meeting at defendant ROSENBAUM's residence, defendant ROSENBAUM told the CW and UC-1 that he could obtain a kidney donor in Israel for UC-1's uncle for a price of $150,000, a portion of which would be paid to the donor. |
|---|---|---|
| 5 | On or about February 25, 2008 | Defendant ROSENBAUM agreed to meet with CW and UC-1 during interstate telephone conversation to answer UC-1's additional questions. |
| 6 | On or about February 26, 2008 | During a meeting at defendant ROSENBAUM's residence, defendant ROSENBAUM informed the CW and UC-1 that it was illegal to buy or sell kidneys, but explained that he would help prepare a cover story for the donor and recipient to make the transaction appear to be legitimate. |
| 7 | Summer 2008 | Defendant ROSENBAUM brokered introduction of Recipient 2 and Donor 2 upon latter's arrival in United States for purposes of coordinating fictitious story regarding Donor 2's decision to donate kidney to Recipient 2 prior to transplant surgery in or about September 2008. |
| 8 | On or about August 18, 2008 | Defendant ROSENBAUM agreed to meet with CW and UC-1 during interstate telephone conversation. |
| 9 | On or about August 21, 2008 | During a meeting at defendant ROSENBAUM's residence, defendant ROSENBAUM accepted four blank checks from the CW totaling $10,000 as a partial down payment for the purchase of a kidney for UC-1's uncle. |

| 10 | On or about July 13, 2009 | During a meeting at defendant ROSENBAUM's residence, defendant ROSENBAUM told the CW and UC-1 that the blood sample from UC-1's uncle would be taken by a coconspirator to Israel and that the price for ROSENBAUM's services would be $160,000, a $10,000 increase from the price that defendant ROSENBAUM quoted on or about February 18, 2008. |
|---|---|---|
| 11 | On or about July 22, 2009 | Defendant ROSENBAUM agreed to meet with CW, UC-1 and UC-1's uncle during an interstate telephone conversation and stated that another individual would be present to take a blood sample from UC-1's uncle. |

In violation of Title 18, United States Code, Section 371.

## COUNT TWO

### (Acquiring, Receiving and Otherwise Transferring a Human Kidney for Valuable Consideration)

1.    Paragraphs 1 and 2(a) and (b) of Count One of this Information are hereby realleged and incorporated as if set forth in full herein.

2.    In or about December 2006, in Monmouth County, in the District of New Jersey and elsewhere, defendant

LEVY IZHAK ROSENBAUM,
a/k/a "Isaac Rosenbaum,"

knowingly acquired, received, and otherwise transferred a human organ, namely the kidney of Donor 1 for valuable consideration -- namely, approximately $120,000 -- for Recipient 1 for use in human transplantation, with such transfer affecting interstate commerce.

In violation of Title 42, United States Code, Section 274e.

7

## COUNT THREE

### (Acquiring, Receiving and Otherwise Transferring a Human Kidney for Valuable Consideration)

1.    Paragraphs 1 and 2(a) and (b) of Count One of this Information are hereby realleged and incorporated as if set forth in full herein.

2.    In or about September 2008, in Monmouth County, in the District of New Jersey and elsewhere, defendant

LEVY IZHAK ROSENBAUM,
a/k/a "Isaac Rosenbaum,"

knowingly acquired, received, and otherwise transferred a human organ, namely the kidney of Donor 2 for valuable consideration -- namely, approximately $150,000 -- for Recipient 2 for use in human transplantation, with such transfer affecting interstate commerce.

In violation of Title 42, United States Code, Section 274e.

8

**COUNT FOUR**

**(Acquiring, Receiving and Otherwise Transferring
a Human Kidney for Valuable Consideration)**

1.    Paragraphs 1 and 2(a) and (b) of Count One of this Information are hereby realleged and incorporated as if set forth in full herein.

2.    In or about February 2009, in Monmouth County, in the District of New Jersey and elsewhere, defendant

LEVY IZHAK ROSENBAUM,
a/k/a "Isaac Rosenbaum,"

knowingly acquired, received, and otherwise transferred a human organ, namely the kidney of Donor 3 for valuable consideration -- namely, approximately $140,000 -- for Recipient 3 for use in human transplantation, with such transfer affecting interstate commerce.

In violation of Title 42, United States Code, Section 274e.

9

## FORFEITURE ALLEGATION

### (18 U.S.C. § 982(a)(7))

As the result of committing the aforementioned offense, contrary to Title 42, United States Code, Section 274e, in violation of Title 18, United States Code, Section 371 as alleged in Count One of this Information, defendant LEVY IZHAK ROSENBAUM shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), all property, real and personal, that constituted and was derived, directly and indirectly, from gross proceeds traceable to the commission of the aforementioned offense, in the amount of $420,000.

If any of the above-described forfeitable property, as a result of any act or omission of defendant ROSENBAUM:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of defendant ROSENBAUM up to the value of the above forfeitable property.

PAUL J. FISHMAN
UNITED STATES ATTORNEY

10

CASE NUMBER:  11-_____

# United States District Court
# District of New Jersey

## UNITED STATES OF AMERICA

v.

## LEVY IZHAK ROSENBAUM,
## a/k/a "Isaac Rosenbaum"

### INFORMATION

**18 U.S.C. § 371;**
**18 U.S.C. § 982(a)(7); and**
**42 U.S.C. § 274e**

## PAUL J. FISHMAN
*U.S. ATTORNEY*
*NEWARK, NEW JERSEY*

MARK J. MCCARREN
*ASSISTANT U.S. ATTORNEY*
*NEWARK, NEW JERSEY*
*(973) 645-2867*