

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th Floor*  *(973) 297-2867*
*Newark, New Jersey 07102*  *FAX (973) 297-2006*

May 9, 2011

Ronald M. Kleinberg, Esq.
Richard A. Finkel, Esq.
Meisnner, Kleinberg & Finkel, LLP
275 Madison Avenue
Suite 100
New York, NY 10016

    Re: <u>Plea Agreement with Levy Izhak Rosenbaum</u>
                            CR 11-741 (AET)

Dear Mr. Kleinberg and Mr. Finkel:

    This letter sets forth the plea agreement between your client, Levy Izhak Rosenbaum, a/k/a "Issac Rosenbaum," (hereinafter Levy Izhak Rosenbaum) and the United States Attorney for the District of New Jersey ("this Office"). This agreement will expire by its own terms unless a signed copy is received by this Office on or before May 13, 2011.

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept guilty pleas from Levy Izhak Rosenbaum to each count of a four-count Information, which charges in Count One that from at least as early as December 2006 to in or about July 2009, Levy Izhak Rosenbaum conspired to acquire, receive and otherwise transfer human organs for valuable consideration for use in human transplantation, with such transfer affecting interstate commerce, contrary to Title 42, United States Code, Section 274e, in violation of Title 18, United States Code, Section 371. Count Two charges him with acquiring, receiving and otherwise transferring a human organ, namely a kidney, for valuable consideration for use in human transplantation in or about December 2006, in violation of Title 42, United States Code, Section 274e. Count Three charges him with acquiring, receiving and otherwise transferring a human organ, namely a kidney, for valuable consideration for use in human transplantation in or about September 2008, in violation of Title 42, United States Code, Section 274e. Count Four charges him with acquiring, receiving and otherwise transferring a human organ, namely a kidney, for valuable consideration for use in human transplantation in or about February 2009, in violation of Title 42, United States Code, Section 274e. If Levy Izhak Rosenbaum enters guilty pleas and is sentenced on these charges,

and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Levy Izhak Rosenbaum for the acquisition, receipt or transfer of human organs, namely kidneys, from in or about 2006 to in or July 2009.  However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Levy Izhak Rosenbaum agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Levy Izhak Rosenbaum may be commenced against him, notwithstanding the expiration of the limitations period after Levy Izhak Rosenbaum signs the agreement.

Sentencing

The violation of 18 U.S.C. § 371 to which Levy Izhak Rosenbaum agrees to plead guilty in Count One carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.  The violations of 42 U.S.C. § 274e to which Levy Izhak Rosenbaum agrees to plead guilty in Counts Two, Three and Four each carry a statutory maximum prison sentence of five years per count and a statutory maximum fine of not more than $50,000 per count.  The alternative fine provision of 18 U.S.C. § 3571 would apply to these counts, requiring an alternative fine of the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.  The sentence on each count may run consecutively.  Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Levy Izhak Rosenbaum is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines.  The United States Sentencing Guidelines are advisory, not mandatory.  The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine.  This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Levy Izhak Rosenbaum ultimately will receive.

Further, in addition to imposing any other penalty on Levy Izhak Rosenbaum, the sentencing judge: (1) will order Levy Izhak Rosenbaum to pay an assessment of $100 per count, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Levy Izhak Rosenbaum to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Levy Izhak Rosenbaum, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) shall order forfeiture, pursuant to 18 U.S.C. § 982; and (5) pursuant to 18 U.S.C. § 3583, may require Levy Izhak Rosenbaum to serve a term of supervised release of not more than three years per count, which will begin at the expiration of any term of imprisonment imposed. Should Levy Izhak Rosenbaum be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Levy Izhak Rosenbaum may be sentenced to not more than two years' imprisonment per count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture Provision

Levy Izhak Rosenbaum agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 982(a)(7), he will forfeit to the United States all property, real and personal, in the amount of $420,000, consisting of $10,000 relevant to Levy Izhak Rosenbaum's conduct pertaining to UC-1, $120,000 relevant to Levy Izhak Rosenbaum's conduct pertaining to Recipient 1, $150,000 relevant to Levy Izhak Rosenbaum's conduct pertaining to Recipient 2, and $140,000 relevant to Levy Izhak Rosenbaum's conduct pertaining to Recipient 3, as set forth in Count One of the Information. Levy Izhak Rosenbaum acknowledges that he received this property as a result of his violation of 18 U.S.C. § 371 and Title 42 U.S.C. § 274e, as alleged in Count One of the Information, and that he is a true and beneficial owner of, and exercised dominion and control over, this property.

With respect to the assets in which Levy Izhak Rosenbaum has agreed to forfeit his interest, Levy Izhak Rosenbaum waives any constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the United States Constitution.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Levy Izhak Rosenbaum by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Levy Izhak Rosenbaum's activities and relevant conduct with respect to this case.

Stipulations

This Office and Levy Izhak Rosenbaum agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Levy Izhak Rosenbaum from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

This Office specifically reserves the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.

Immigration Consequences

      Levy Izhak Rosenbaum understands that his guilty pleas to the charged offenses may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization.  Levy Izhak Rosenbaum understands that the immigration consequences of these pleas will be imposed in a separate proceeding before the immigration authorities.  Levy Izhak Rosenbaum wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of the pleas, even if these pleas will cause his removal from the United States.  Levy Izhak Rosenbaum understands that he is bound by his guilty pleas regardless of any immigration consequences of the pleas.  Accordingly, Levy Izhak Rosenbaum waives any and all challenges to his guilty pleas and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty pleas, or to file a direct appeal or any kind of collateral attack challenging his guilty pleas, conviction, or sentence, based on any immigration consequences of his guilty pleas.

Other Provisions

      This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities.  However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

      This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Levy Izhak Rosenbaum.  This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service or Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil proceeding against Levy Izhak Rosenbaum.

      Prior to the date of sentencing, Levy Izhak Rosenbaum shall: (1) file accurate or amended personal returns for calendar years 2006 through 2009; (2) provide all appropriate documentation to the Internal Revenue Service in support of such returns, upon request; (3) pay to the Internal Revenue Service all taxes and any penalties owed on those returns or, if unable to do so, make satisfactory repayment arrangements with the Internal Revenue Service; and (4) fully cooperate with the Internal Revenue Service and comply with the tax laws of the United States.  Further, Levy Izhak Rosenbaum agrees to allow the contents of his

IRS criminal file to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by Levy Izhak Rosenbaum. With respect to disclosure of the criminal file to the Internal Revenue Service, Levy Izhak Rosenbaum waives any rights under Title 26, United States Code, Section 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to his tax returns and return information.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between Levy Izhak Rosenbaum and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

                            Very truly yours,

                            PAUL J. FISHMAN
                            United States Attorney

By: Mark J. McCarren
     Assistant U.S. Attorney

APPROVED:

James B. Nobile, Chief
Special Prosecutions Division

I have received this letter from my attorneys, Ronald M. Kleinberg and Richard A. Finkel, Esq.  I have read this letter. My attorneys and I have discussed the letter and all of its provisions, including the provisions addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences.  I understand the letter fully.  I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties.  I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.  I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____        Date: MAY 11, 2011
Levy Izhak Rosenbaum


I have discussed with my client this letter and all of its provisions, including the provisions addressing the charges, sentencing, the stipulations, waiver, forfeiture, and immigration consequences.  My client understands the letter fully and wants to plead guilty pursuant to this plea agreement.

_____        Date:
Ronald M. Kleinberg, Esq.
Counsel for Levy Izhak Rosenbaum

_____        Date: May 11, 2011
Richard A. Finkel, Esq.
Counsel for Levy Izhak Rosenbaum

<u>Plea Agreement With Levy Izhak Rosenbaum</u>

<u>Schedule A</u>

1.  This Office and Levy Izhak Rosenbaum recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Levy Izhak Rosenbaum nevertheless agree to the stipulations set forth herein:

2.  The version of the United States Sentencing Guidelines effective November 1, 2010 applies in this case.

3.  As of the date of this letter, Levy Izhak Rosenbaum has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Levy Izhak Rosenbaum's acceptance of responsibility continues through the date of sentencing. <u>See</u> U.S.S.G. § 3E1.1(a).

4.  As of the date of this letter, Levy Izhak Rosenbaum has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Levy Izhak Rosenbaum enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Levy Izhak Rosenbaum's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Levy Izhak Rosenbaum will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).